Ruffin, C. J.
 

 The Master reported, on the enquiry directed at the hearing, that the fund in the hands of Mrs. •Smith as 'trustee, in lieu of the real estate sold, and do which 'the defendant Shackleford-is entitled as tenant by the curtesy, consists of -certain slaves; and of -the -sum of ■¡$500 in money, the proceeds of the sale of another slave. Upon the report, the defendant moved to dissolve -the injunction against proceeding on the. judgments at Jaw, sub- • «lifting-to a decree to pay'to the plaintiff annually the interest on the $*500, and the hires and profits of -the-slaves; and the plaintiff, on the other hand, moved for a decree directing the defendant 'to sell the estate for Shackleford’s -life in those slaves, in the first instance-on execution, when :'taken out.
 

 The Court is of opinion that neither motion is precisely correct. Although the -Act of 1812 makes t-rusts in personal property liable to execution against the
 
 cestui que trust,
 
 yet it is’settled that the case-of a trust of personal -chattels for one for life, and then-in trust for others, is not '■within if, as the trustee’s legal title must be preserved en
 
 *31
 
 tire for the security of those entitled under the ulterior limitations.
 
 Dick
 
 v
 
 Pitchford,
 
 1 Dev. and Bat. Eq. 480,
 
 Battle
 
 v
 
 Petway,
 
 5 Ire. 576. But, although an execution will not reach the slaves, yet they and also the money, or, rather, Shackleford’s beneficial interest in those funds, as his equitable property, may, and ought to be, sold under a decree of this Court. The sale is necessary to enable the plaintiff to ascertain his demand against Shackleford, after he shall have paid the debt. He is not obliged to. pay the debt, and wait for the partial reimbursement arising from the annual income of the property, during Shackleford’s life ; but he may require an immediate sale, under the direction of the Court, of his interest, for whatever it will bring, so as to have it applied in a lump to the reduction of the debt. As to his interest in the money, it is only selling out an annuity of $30 for the life of Shackleford, and in respect of the slaves, the contingency is the double one, depending on the lives of both Shackleford and the negroes; which, of course, will be duly considered by bidders. The defendant, Mrs. Smith, or, if she prefer it, some other commissioner, must be directed to make sales of those interests, after twenty days notice, for ready money, and, after applying the proceeds in discharge of the judgment at law, the injunction should be dissolved for the residue. It will be understood, of course, that the purchasers of the slaves will not get the legal title, but that it will remain m the trustee, and the purchasers stand towards her in the relation of
 
 cestuis que trust,
 
 with liberty to come to an arrangement with her as to the possession of the slaves, or to apply to the Court of Equity for redress, as any
 
 other cestui que trust
 
 might. .
 

 Per Cuwam, Decreed accordingly.